## No. 277
## ARTHUR v O'MARR, Ex

Ohio Appeals, 9th Dist., Summit Co.

No. 887. Decided Feb. 9, 1925.

923. PLEADINGS—To constitute a good cause of action against an estate, the fact that the claim has been allowed or rejected must be plead.

237. CLAIMS—If those against an estate are not sued upon within six months after dispute or rejection of, they are barred.

PARDEE, J.

James Arthur brought an action in the Summit Common Pleas to recover $3000 upon a claim which he said he had against the estate of Daniel O'Marr, deceased of which estate Paul O'Marr was executor. He stated in his petition that his claim had been allowed by the said executor, and 18 months had elapsed since the date of the bond of the executor, and no part of the claim had yet been paid.

O'Marr filed an answer admitting that more than 18 months had elapsed since the date of his bond, but denied that the claim had been allowed. The case went to trial with the pleadings in this condition; the only issue for consideration being whether or not the claim had been allowed. The trial court found for Arthur in the sum of $1200. A motion for a new trial was granted, upon the hearing of which a judgment was entered notwithstanding the verdict in favor of O'Marr.

Error was prosecuted to the Court of Appeals and two questions were before that court for consideration.

1. If the claim was an allowed one, did the petition state a cause of action?

2. If the issue was made as to whether the claim had been allowed, and if not, was the suit brought in time?

The Court of Appeals said:

1. The petition alleges that 18 months had elapsed since the date of the executor's bond, but it fails to contain any allegation as to further time, if any, allowed by the probate court for collection of assets of said estate, in compliance with 10685 GC. Therefore if the claim sued upon had been allowed by the executor, the petition fails to state a cause of action upon which a suit could be maintained, citing Thomas v. Chamberlain, 39 OS. 112.

2. The record shows that a demand had been made upon O'Marr through the mail, and his failure to endorse Arthur's allowance upon said claim constituted a rejection, which made it incumbent upon Arthur to commence the action six months thereafter, as provided by 10722 GC. Judgment of the trial court is affirmed.

Attorneys—Mottinger, & Evans for Arthur; Nelan and Walsh for O'Marr; all of Akron.